**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARIA DOLORES MOLINA MOLINA,

*Petitioner*,

v. No. 2:26-cv-00346-SMD-JFR

DORA CASTRO,[1] *et al*.,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Maria Dolores Molina Molina's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus ("Petition"), filed on February 10, 2026. Doc. 1. Petitioner, a citizen of Honduras, entered the United States on or around December 14, 2012, and has resided in the country since that date. She was not inspected or detained by immigration officials upon her entry. Doc. 1 at 2, 5; Doc. 6 at 2. She provides that she is married to a United States citizen and has a daughter, also a United States citizen. She asserts that, prior to her present detainment, she had no criminal record. Doc. 1 at 5.

Petitioner was arrested on a charge of battery on August 20, 2025, and her custody was thereafter transferred to Immigration and Customs Enforcement ("ICE") pursuant to a detainer. She was issued a Notice to Appear while in detention, dated September 10, 2025, and had an individual hearing before the Executive Office for Immigration Review ("EOIR") on December 22, 2025. The charge of battery was later dismissed. *Id.* at 6; Doc. 6 at 2. At the hearing, the immigration judge ("IJ") found Petitioner inadmissible, denied her request for cancellation of

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

removal for non-permanent residents, and granted her application for voluntary departure. Petitioner appealed the IJ's order to the Board of Immigration Appeals ("BIA"). Doc. 6 at 2. The appeal was timely filed and accepted by the BIA on or about January 19, 2026. Doc. 1 at 6. As of the present date, the appeal remains pending.[2] Respondents state that Petitioner requested a custody determination hearing "but withdrew her request for a bond." Doc. 6 at 2.

In her reply, Petitioner asserts that she appeared *pro se* at her individual hearing, as her counsel was unavailable and the immigration court declined to grant a continuance. She asserts she was ordered removed without "proper adjudication of [the] available relief" and told she "needed to accept [v]oluntary [d]eparture." Doc. 7 at 2. She provides that, "due to the EOIR's improper interpretation of the INA and the present policy memorandum regarding their present practice of mandatory detention," she has "not been eligible" to request custody redetermination. *Id.* at 3.

Respondents concede that the facts of this case are substantially similar to those in *Melchor-Rios v. Ortiz*, No. 2:25-cv-01055-WJ-GJF, 2025 WL 3764775 (D.N.M. Dec. 30, 2025), and the Court's conclusion in *Melchor-Rios* that 8 U.S.C. § 1226, and not § 1225(b), governs "would control the result here if the Court adheres to that decision." Doc. 6 at 3–4. Nonetheless, Respondents maintain that Petitioner is properly classified under § 1225(b) and the Court should deny the Petition. *Id.* at 5.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional

[2] *See* EOIR, "Automated Case Information," https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 11, 2026).

bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. <u>Statutory Framework: 8 U.S.C. §§ 1225 and 1226</u>

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247. Following *Santillan Quiroz*, Respondents' argument in favor of applying § 1225 to the present case has no merit.

II. The Government's Detention of Petitioner Violates Her Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates her Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence her constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived her of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore*, 538 U.S. at 527. As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. The record shows that Petitioner was arrested on a charge of battery but the charges were dismissed. *See* Doc. 6-1 at 2. Respondents offer no other evidence that Petitioner is a flight risk or a threat to the community, nor do they assert that the Government has any other interest whatsoever in her ongoing detention. The Government has therefore violated Petitioner's Fifth Amendment rights, and she is entitled to habeas relief. *See Gonzalez v. Blanche*, No. 2:26-cv-00851-SMD-GBW, 2026 WL 1031240, at *2 (D.N.M. Apr. 16, 2026).

Considering Petitioner's prolonged detention of over one year as of the present date, the Court finds that due process requires her immediate release. *See Grajeda-Granados v. Warden, Torrance Cnty. Det. Facility*, No. 1:26-cv-02715-MIS-KRS, 2026 WL 2620867, at *2 (D.N.M.

Sept. 4, 2026) (collecting cases and finding that "under the circumstances of this case, Petitioner's indefinite, ongoing detention of over six months, with no reasonably foreseeable end in sight, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights"); *see also id.* at n.2 (noting that a BIA appeal, and any appeal thereafter to the Tenth Circuit, could take years).

Respondents remain free to subject Petitioner to appropriate release conditions and to continue ongoing removal proceedings, provided that they comport with due process.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Petitioner's motion to expedite (Doc. 8) is **DENIED** as moot;
3) Respondents **SHALL** release Petitioner on or before September 15, 2026;
4) Respondents **SHALL** facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to her primary address;
5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** remove Petitioner to any third country without first providing her with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**